MICHELE BECKWITH
Acting United States Attorney
MATTHEW DE MOURA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff,<br><br>v.<br><br>RAFAEL ARAUZA and YAIR ZUNIGA II,<br><br>Defendants. | CASE NO. 2:24-CR-0319-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 28, 2025<br>TIME: 10:00 a.m.<br>COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Matthew De Moura, and defendant Rafael Arauza, by and through his counsel of record, Robert Forkner, and defendant Yair Zuniga II, by and through his counsel of record, David Fischer, hereby stipulate as follows:

1. The defendants' initial appearance on the Indictment was December 17, 2024.

2. The current status conference is set for April 28, 2025.

3. By this stipulation, the parties now move to continue the status conference until **July 28, 2025 at 10:00 a.m.**, and to exclude time between April 28, 2025, and July 28, 2025, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes numerous reports and recordings, including investigative reports, surveillance data,

1 audio and video recordings and photographs, and lab reports. The government has produced
2 some discovery, but represents that more is forthcoming.

3       b)     The government filed proposed protective orders on April 24, 2025, to produce
4 more discovery to defense counsel.

5       c)     Counsel for defendants desire additional time to consult with their clients, review
6 current charges, conduct investigation and research related to the charges, to discuss potential
7 resolutions with their clients, and otherwise prepare for trial.

8       d)     Counsel for defendants believe that failure to grant the above-requested
9 continuance would deny them the reasonable time necessary for effective preparation, taking into
10 account the exercise of due diligence.

11       e)     The proposed status conference date on July 28, 2025, represents the earliest and
12 most convenient date for counsel. This requested date takes into account counsels' schedules,
13 defense counsels' commitments to other clients, and defense counsels' need for preparation and
14 further investigation into this case.

15       f)     Neither the government nor the defense objects to the continuance.

16       g)     Based on the above-stated findings, the ends of justice served by continuing the
17 case as requested outweigh the interest of the public and the defendants in a trial within the
18 original date prescribed by the Speedy Trial Act.

19       h)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
20 et seq., within which trial must commence, the time period of April 28, 2025 to July 28, 2025,
21 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]
22 because it results from a continuance granted by the Court at defendant's request on the basis of
23 the Court's finding that the ends of justice served by taking such action outweigh the best interest
24 of the public and the defendants in a speedy trial.

25 ///
26 ///
27 ///
28 ///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

///

5.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 24, 2025             MICHELE BECKWITH
                                   Acting United States Attorney

                                   /s/ MATTHEW DE MOURA
                                   MATTHEW DE MOURA
                                   Special Assistant United States
                                   Attorney


Dated:  April 24, 2025             /s/ DAVID FISCHER
                                   DAVID FISCHER
                                   Counsel for Defendant
                                   YAIR ZUNIGA II


Dated:  April 24, 2025             /s/ ROBERT FORKNER
                                   ROBERT FORKNER
                                   Counsel for Defendant
                                   RAFAEL ARAUZA

**FINDINGS AND ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court vacates the April 28, 2025, status conference and resets the matter for a status conference on July 28, 2025, at 10:00 a.m. The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between April 28, 2025, and July 28, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendants in a speedy trial. Time from April 28, 2025, to and including July 28, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO FOUND AND ORDERED.

Dated: April 24, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE