DAVID D. FISCHER, CA SBN 224900
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd Ste 311
Rocklin, CA 95765
Phone: (916) 447-8600
Fax: (916) 930-6482
E-mail: david.fischer@fischerlawoffice.com

Attorney for Defendant
YAIR ZUNIGA, II

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RAFAEL ARAUZA<br>YAIR ZUNIGA, II.,<br><br>                    Defendants. | CASE NO.  2:24-CR-0319-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: March 30, 2026<br>TIME: 10:00 a.m.<br>COURT: Hon. William B. Shubb |

This case is set for a status conference on January 20, 2026. By this stipulation, the parties request a continuance of the status conference to March 30, 2026 at 10:00 a.m., and to exclude time under Local Code T4, for the reasons set forth below.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Matthew De Moura and Charles Campbell, and defendant Rafael Arauza, by and through his counsel of record Robert Forkner, and defendant Yair Zuniga II, by and through his counsel of record, David D. Fischer, hereby stipulate as follows:

1.    By previous order, this matter was set for status on January 20, 2026.

2.    By this stipulation, defendants now move to continue the status conference until March 30, 2026, and to exclude time between January 20, 2026, and March 30, 2026, under Local Code T4.

3.    The parties agree and stipulate, and request that the Court find the following:

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

a)      On May 2, 2025, the government produced discovery for this case consisting of 1350 documents and native files subject to a protective order consisting of hundreds of pages of discovery, including numerous photographs, audio files, and audio/video discovery, as well as police reports and criminal history documents.

b)      Counsel for defendants desires additional time to consult with their clients, review the current charges, conduct investigations and research related to the charges, review discovery, consider whether to request additional discovery, prepare pretrial motions, and otherwise prepare for trial..

c)      Counsel for defendants needs additional time to review the discovery in this case, to conduct independent factual investigation, to research trial and sentencing issues, to consult with his client, and to otherwise prepare for trial.

d)      A continuance is also needed for continuity of counsel. Counsel for defendant Zuniga is preparing for the murder trial, which was previously scheduled to commence on December 2, 2025, but was rescheduled to December 30, 2025. On December 30, 2025, the Court set a briefing schedule. The defense has a deadline of January 22, 2026 to file any reply briefs. The presentation of evidence is scheduled to begin on February 17, 2026. Motion hearings and jury selection will occur between January 28, 2026 and February 11, 2026.

e)      Counsel for the defendants believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      The government does not object to the continuance.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 20, 2026 to March 30, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 14, 2026

ERIC GRANT
United States Attorney

/s/ *Charles Campbell*
CHARLES CAMPBELL
Assistant United States Attorney
MATTHEW DE MOURA
Special Assistant United States Attorney

Dated: January 14, 2026

*/s/ Robert Forkner*
ROBERT L. FORKNER
Counsel for Defendant
RAFAEL ARAUZA

Dated: January 14, 2026

/s/ *David D. Fischer*
DAVID D. FISCHER
Counsel for Defendant
YAIR ZUNIGA, II

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED.

Dated:  January 15, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3